UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**KURT ALAN CROSSMAN,**
      **Plaintiff,**

   v.                                    Case No. 21-C-1287

**WAUKESHA CTY CIRCUIT CT DIST 5,**
**JUDGE MARIA LAZAR,**
**JUDGE MELVIN III, and**
**DA CLAUDIA AYALA,**
      **Defendants.**

---

## DECISION AND ORDER

Plaintiff Kurt Alan Crossman, who was incarcerated at Waukesha County Jail at the time he filed this complaint and who is representing himself, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. (ECF No. 1.) He also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2). Because not all parties have had the opportunity to consent to magistrate judge jurisdiction, the case was randomly referred to a U.S. District Court Judge for the limited purpose of screening the complaint. This order resolves Crossman's motion for leave to proceed without prepayment of the filing fee and screens the complaint.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because Crossman was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay

an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

Before the court could assess an initial partial filing fee, Crossman paid the full $402.00 filing fee. Accordingly, his motion for leave to proceed without prepayment of the filing fee is denied as moot.

## II. Screening the Complaint

*A.     Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to

2

Case 2:21-cv-01287-LA    Filed 01/20/22    Page 2 of 6    Document 9

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

B. Crossman's Allegations

Crossman alleges that on August 16, 2019, he put in a speedy trial demand for his State of Wisconsin case in Waukesha County, Case Number 19-CF-1102. (ECF No. 1 at 3.) On November 18, 19, 20, and 21, 2019, Crossman complained in writing that his speedy trial rights were violated. (*Id.*) Then, on December 19, 2019, he was released from confinement on signature bond. (*Id.*) On November 3, 2021, he was reincarcerated for three instances of bail jumping. (*Id.*) He states he still has not had his trial. (*Id.*) He seeks $200,000 in damages for violation of his speedy trial rights.

C. Analysis

The plaintiff asserts his speedy-trial claim for damages against four defendants: the Waukesha County Circuit Court, the two judges who presided over his case, and the assistant district attorney who prosecuted his case. None of these defendants could be held liable for damages under § 1983.

First, because the Waukesha County Circuit Court, as an arm of the State of Wisconsin, is not a "person" suable for damages under § 1983, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), the plaintiff fails to state a claim against the court.

Second, judges have absolute immunity "for any judicial actions unless the judge acted in the absence of all jurisdiction." *Polizn v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Judge Maria Lazar and Judge Melvin III clearly acted within their jurisdiction as the judges presiding over the plaintiff's criminal case, and therefore they are absolutely immune from claims for damages.

Finally, a prosecutor has absolute immunity from damages claims "for conduct that relates to his role as an advocate for the state." *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1102 (7th Cir. 2015). Crossman allegations concern only assistant district attorney Claudia Alaya's role as an advocate for the state, so she also enjoys absolute immunity from Crossman's § 1983 claims.

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021). Here, because all defendants are either clearly immune from damages or not suable under § 1983, any amendment would be futile. Accordingly, Crossman's complaint will be dismissed with prejudice.[1]

---

[1] To the extent Crossman would seek to amend his complaint to seek immediate release from jail based on the speedy-trial violation, I note that such claim would not be cognizable under § 1983 and would have to be asserted through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

## III. Conclusion

**IT IS THEREFORE ORDERED** that that Crossman's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the complaint and this action are **DISMISSED** under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because the complaint fails to state a claim and seeks monetary relief against defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2022.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge